UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Betty Lee Jenkins,   Civ. No. 20-1208 (PAM/ECW)

Petitioner,

v.   **MEMORANDUM AND ORDER**

Warden Starr,

Respondent.

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright dated September 15, 2022. (Docket No. 46.) The R&R recommends that Petitioner Betty Lee Jenkin's petition for a writ of habeas corpus be denied and this matter dismissed. Jenkins filed a timely objection to the R&R (Docket No. 47) and the Government responded to those objections (Docket No. 48).

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 46.)

This case involves a challenge to Jenkins's federal conviction in the Western District of Michigan for conspiracy to manufacture 100 or more marijuana plants and for maintaining a drug-involved premises in violation of federal drug laws. Jenkins argues in her habeas petition that her continued detention contravenes Congress's refusal to appropriate funds to the Department of Justice, which includes the federal Bureau of Prisons, when such funds "prevent States [such as Michigan] from implementing . . . laws

that authorize the use, distribution, possession, or cultivation of medical marijuana." Pub. L. No. 113-235, § 538, 128 Stat. 2130, 2217 (2014).

In earlier proceedings in this case, then-presiding Magistrate Judge Katherine M. Menendez[1] determined that Jenkins's claim could succeed if Jenkins established that she strictly complied with the medical-marijuana laws of Michigan. (Docket No. 21.) She thus ordered the parties to brief the issue because it was not fully raised at Jenkins's trial. (Id.) After that briefing was complete, the instant R&R issued.

As the R&R's thorough analysis noted, Michigan law allows a person permitted to grow medical marijuana to possess up to 12 marijuana plants for each patient, and further restricts that person from assisting no more than five patients. (R&R at 3 (citing Mich. Comp. Laws §§ 333.26424(b), (d)).) The evidence at trial overwhelmingly established that Jenkins possessed far more marijuana plants than the 60 plants Michigan law allows. (Id. at 13-14.) That evidence also established that the useable marijuana Jenkins possessed far exceeded the limits for medical-marijuana usage under Michigan's law, and that Jenkins did not comply with that law's storage requirements for the marijuana she possessed. (Id. at 14-16.) Jenkins has failed to establish that she strictly complied with Michigan's medical-marijuana law and her detention does not contravene Congressional authority.

Jenkins also contends that the R&R erred by placing the burden of proof on her to establish strict compliance with Michigan law, rather than requiring the Government to establish beyond a reasonable doubt that she did not strictly comply. She points to no

---

[1] Judge Menendez was elevated to the District Court bench in December 2021, and this case was thereafter reassigned to Magistrate Judge Cowan Wright. (Docket No. 28.)

authority for her position, however, and it is nonsensical.  In a habeas petition such as this, the Government need not again establish the petitioner's guilt beyond a reasonable doubt. (Id. at 10.)  Rather, it is the petitioner's burden to demonstrate that an aspect of her conviction, sentence, or detention is illegal.  (Id. at 12.)  In addition, compliance with Michigan's medical-marijuana statute is an affirmative defense, not an element of the offense, and thus the defendant bears the burden of proof on it even at trial.  (Id. at 3.)  The R&R correctly concluded as much.

    Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 46) is **ADOPTED**;

2. The petition for a writ of habeas corpus is **DENIED**; and

3. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Wednesday, October 19, 2022

                                              *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge